IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>v.<br><br>FRANCISCO MIRANDA-LOPEZ,<br><br>            Defendant. | 3:10-CR-00036-BR<br>(3:11-CV-70028-BR)<br><br>OPINION AND ORDER |

S. AMANDA MARSHALL
United States Attorney
**RYAN W. BOUNDS**
Assistant United States Attorney
1000 S.W. Third Avenue
Suite 600
Portland, OR  97204
(503) 727-1000

        Attorneys for Plaintiff

**FRANCISCO MIRANDA-LOPEZ**
#66487-065
FCI - Greenville
P.O. Box 5000
Greenville, IL 62246

        Defendant, *Pro Se*

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant Francisco Miranda-Lopez's Motion (#46) to Amend the Judgment Under Fed. R. Civ. P. 59(e).

For the reasons that follow, the Court **DENIES** Defendant's Motion.

## BACKGROUND

On January 19, 2001, Defendant Francisco Miranda-Lopez was convicted in Polk County Circuit Court of Delivery of a Controlled Substance in violation of Oregon Revised Statute § 475.999 and sentenced to a term of 21 months imprisonment.

On January 3, 2003, Defendant was deported.

On February 3, 2010, Defendant was charged in this Court in a one-count Indictment with Illegal Reentry of Deported Alien in violation of 8 U.S.C. § 1326(a).

On September 20, 2010, the Court held a hearing at which Defendant entered a guilty plea on the charge of Illegal Reentry of Deported Alien in violation of 8 U.S.C. § 1326(a). After finding Defendant's guilty plea was knowing, intelligent, and voluntary, the Court accepted the plea.

On December 23, 2010, the Court sentenced Defendant to a term of 77 months imprisonment and three years supervised release.

2 - OPINION AND ORDER

On December 13, 2011, Defendant filed a Motion to Vacate or Correct Sentence under 28 U.S.C. § 2255.

On April 18, 2012, the Court entered an Opinion and Order in which it denied Defendant's Motion to Vacate or Correct Sentence and declined to issue a certificate of appealability.

On May 9, 2012, Defendant filed a Motion to Amend the Judgment pursuant to Federal Rule of Civil Procedure 59(e).

## STANDARDS

"A Rule 59(e) motion . . . 'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Blair v. Schwan Food Co.*, 454 F. App'x 553, 555 (9th Cir. 2011) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). A motion under Rule 59(e) may also be granted to avoid "manifest injustice." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011)(citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999)). The disposition of a motion for reconsideration is within the discretion of the district court. See *Bliesner v. Commc'n Workers of Am.*, 464 F.3d 910, 915 (9th Cir. 2006).

3 - OPINION AND ORDER

## DISCUSSION

Defendant asserts the Court committed clear error in its April 18, 2012, Opinion and Order because the Court applied the incorrect legal standard to Defendant's claim. Specifically, Defendant alleges the Court relied on the Supreme Court's decision in *United States v. Addonizio,* 442 U.S. 178 (1979), to analyze Defendant's claim for ineffective assistance of counsel rather than the standard set out in *Strickland v. Washington*, 466 U.S. 668 (1984). Defendant is mistaken.

In its April 18, 2012, Opinion and Order, the Court analyzed Defendant's claim for ineffective assistance of counsel under the standard the Supreme Court set out in *Strickland*. Opinion and Order at 4-5, 9. The Court cited *Addonizio* only for the proposition that although "the remedy [under § 2255] is . . . comprehensive, it does not encompass all claimed errors in conviction and sentencing. . . . Unless the claim alleges a lack of jurisdiction or constitutional error, the scope of collateral attack [under § 2255] has remained far more limited." 442 U.S. at 185.

Defendant also contends the Court erred when it failed to issue a separate order as to a certificate of appealability. Defendant relies on Rule 11(a) of the Rules Governing § 2255 Proceedings in support of his position. Rule 11(a) does not contain any requirement that the district court issue a separate,

4 - OPINION AND ORDER

stand-alone order as to a certificate of appealability. Rule 11(a) requires only that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." As noted, the Court specifically declined to issue a certificate of appealability in its April 18, 2012, Opinion and Order.

The Court concludes Defendant has not established the Court committed clear error when it denied Defendant's Motion to Vacate Sentence. Accordingly, the Court denies Defendant's Motion to Amend Judgment.

## CONCLUSION

For these reasons, the Court **DENIES** Defendant's Motion (#46) to Amend the Judgment Under Fed. R. Civ. P. 59(e).

IT IS SO ORDERED.

DATED this 5th day of July, 2012.

*(signature)*
ANNA J. BROWN
United States District Judge

5 - OPINION AND ORDER